**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARLENE BRADY | : | 1:20-CV-1280 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| W.C. ESHENAUR & SON, INC. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**September 29, 2020**

Plaintiff Marlene Brady brings the above-captioned action against Defendant W.C. Eshenaur & Son, Inc., asserting one count of negligence (Count I). Presently pending before the Court is Defendant's motion to dismiss (the "Motion") (Doc. 7). The Motion has been fully briefed (Docs. 8, 12, 13, 14-1) and is therefore ripe for our review. For the reasons that follow, the Motion shall be granted and the case dismissed.

## I.  BACKGROUND

The facts in this case are straightforward, and in accordance with the standard of review applicable to a motion to dismiss, we will view them in the light most favorable to Plaintiff.

The Defendant is in the business of delivering heating oil services.  (Doc. 1, at ¶ 2).  On or about January 6, 2018, an employee of Defendant's allegedly mistook Plaintiff's home for the residence located across the street and delivered some quantity of heating oil to Plaintiff's home.  (*Id.*, at ¶ 6).  Plaintiff, however, did not have an oil tank.  (*Id.*, at ¶ 7).  Accordingly, 150 gallons of heating oil "flowed unabated into her garage and basement," which Plaintiff alleges caused damage to her property in addition to further expenses and hardship, including the loss of the property for some period of time.  (*Id.*, at ¶¶ 7, 9).

Plaintiff filed the underlying complaint on July 27, 2020, bringing one count of negligence against Defendant.  (Doc. 1).  Attached to Plaintiff's complaint is an affidavit from an authorized representative of Allstate Insurance Company ("Allstate") who avers that Allstate is the real party in interest in this action because it subrogated to much of the losses and expenses allegedly caused by Defendant.  (Doc. 1-2).  Defendant filed the instant motion to dismiss on August 3, 2020 (Doc. 7), accompanied by a brief in support (Doc. 8).  Plaintiff filed a brief in opposition to the Motion on August 17 (Doc. 12), to which Defendant replied on August 19 (Doc. 13).  Per our August 25, 2020 Order (Doc. 15), we will also consider Plaintiff's sur-reply (Doc. 14-1).   For the reasons that follow, we shall grant Defendant's Motion.

## II.    STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To

survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to

relief above the speculative level…."  *Victaulic Co. v. Tieman*, 499 F.3d 227, 235

(3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the

plausibility standard, the complaint must indicate that defendant's liability is more

than "a sheer possibility."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later

formalized in *Iqbal*, a district court must first identify all factual allegations that

constitute nothing more than "legal conclusions" or "naked assertions."  *Twombly*,

550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth"

and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.

*Iqbal*, 556 U.S. at 679.  Next, the district court must identify "the 'nub' of the …

complaint – the well-pleaded, nonconclusory factual allegation[s]."  *Id.*  Taking

these allegations as true, the district judge must then determine whether the

complaint states a plausible claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears

unlikely that the plaintiff can prove those facts or will ultimately prevail on the

merits."  *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57).  Rule 8

"does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III.   DISCUSSION

Defendant in its Motion requests dismissal of this action on three different grounds: 1) because this Court lacks subject-matter jurisdiction over an action between non-diverse parties that raises no federal question; 2) because the action is barred by the two-year statute of limitations in Pennsylvania for actions to recover damages for injury to personal property; and 3) in the alternative, upon Plaintiff's failure to substitute its insurance carrier, Allstate, as the real party in interest within a reasonable period of time under Rule 17(a)(1).  (Doc. 7, at ¶ 3–5.)  In opposition to the Motion, Plaintiff 1) requests leave to amend the caption and complaint in order to pursue the action in the name of Allstate and moot Defendant's Rule 12(b)(1) and Rule 17(a) challenges; and 2) argues that she seeks to invoke two exceptions to the statute of limitations and that she "need not plead around an affirmative defense in order to state a claim upon which relief can be granted." (Doc. 12-1, at 5.)  Specifically, Plaintiff avers that she intends to invoke the equitable doctrines of fraudulent concealment and acknowledgment, which will have the effect of tolling the applicable statute of limitations.  In support of those arguments, Plaintiff attached to her opposition brief a second affidavit from an

authorized representative of Allstate.  (Doc. 12-3) (the "Second Allstate Affidavit").  Via sur-reply, Plaintiff requests that we only consider the statute of limitations issue at this stage.  (Doc. 14-1).  We have done just that.  For the reasons to follow, we will grant Defendant's Motion pursuant to Rule 12(b)(6) because Plaintiff's lone negligence claim is barred by the applicable statute of limitations.

Although Rule 12(b) "does not specifically provide for the assertion of a statute of limitations defense in a motion to dismiss," the Third Circuit has instructed that a statute of limitations defense may nonetheless be raised via motion to dismiss "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  *Byrne v. Cleveland Clinic*, 684 F.Supp.2d 641, 656 (E.D. Pa. 2010) (citing *Zankel v. Temple Univ.*, 245 Fed.Appx. 196, 198 (3d Cir. 2007)); *see also Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (stating that dismissal may be appropriate when "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.").

Plaintiff argues that she has not pled herself out of court, and instead raises two bases for the equitable tolling of the statute of limitations here: fraudulent concealment and acknowledgment.  Plaintiff avers in her opposition brief and in the Second Allstate Affidavit that Defendant's insurance carrier and liability

adjuster "advised [Allstate] that they would pay the entire claim once the first party claim between [Plaintiff] and Allstate had been fully adjusted." (Doc. 12-3, at ¶ 8). According to Plaintiff, Allstate presented the fully-adjusted claim to Defendant's insurance company for payment, but the other insurance company "reneged on its promise and refused to pay arguing that the statute of limitations had expired." (*Id.*, at ¶ 11). According to Plaintiff, this allegedly broken promise by Defendant's insurance company has the effect of tolling the statute of limitations, either because Defendant is estopped from raising the statute of limitations defense due to its insurance company's fraudulent concealment or because the insurance company's promise to pay implicates the acknowledgement doctrine. (Doc. 12-1, at 6–7). Neither doctrine, however, saves Plaintiff's claim.

As a threshold matter, in considering the instant Motion we will not deem as true any factual averments regarding the alleged promise to pay featured in Plaintiff's Brief in Opposition nor in the Second Allstate Affidavit. On a Rule 12(b)(6) motion, we may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Based solely on the factual averments in Plaintiff's complaint, the alleged injury occurred on January 6, 2018. (Doc. 1, at ¶ 6). Plaintiff also discovered the

injury either on that day, or very soon after, as she avers that Defendant acknowledged what had happened "[a]t the time the incident occurred." (*Id.*, at ¶ 7). Plaintiff relies on language in *Schmidt v. Skolas*, 770 F.3d 241, 252 (3d Cir. 2014) to argue that the Motion cannot be granted because "it is not clear on the face of the complaint that an exception to the statute of limitations does not apply." (Doc. 12-1, at 5). Plaintiff's reliance on *Schmidt*, however, is misplaced for several reasons.

First, the Third Circuit in *Schmidt* was focused on the applicability of the discovery rule, "a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Schmidt*, 770 F.3d at 251 (quoting *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000)). The issue in *Schmidt* was that the underlying complaint did not explicitly reveal when the plaintiff had knowledge of the full scope of his injuries. Under those circumstances, according to the Third Circuit, a plaintiff does not plead himself out of court because it is not evident on the face of the complaint whether the statute of limitations defense applies. *Id.* at 252. Here, however, Plaintiff *has* pled herself out of court because the complaint explicitly reveals when she learned of her one alleged injury: on—or immediately after—January 6, 2018.

Second, and perhaps even more fundamentally, neither doctrine even applies to these circumstances as-pled.  For fraudulent concealment to toll a statute of limitations, "the defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied."  *Kingston Coal Co. v. Felton Min. Co.*, 690 A.2d 284, 291 (Pa. Super. Ct. 1997) (citing *Krevitz v. City of Philadelphia*, 648 A.2d 353, 357 (Pa. Commw. Ct. 1994)).  Nothing in Plaintiff's complaint mentions any "affirmative independent act of concealment" on the part of Defendant.  Moreover, no action by Defendant nor its insurance company (even if we are to consider the averments in the Second Allstate Affidavit as true) had the effect of concealing any extent of the alleged injury (the damage to the home) from Plaintiff.  *See Krevitz*, 648 A.2d at 357 ("After an exhaustive review of the voluminous record in this case, we have found no evidence which would exonerate Krevitz from her duty to exercise reasonable diligence in discovering the possibility of a design defect prior to the expiration of the statute of limitations.").  To the extent Plaintiff—or more likely, Allstate—was injured by the misrepresentations of Defendant's insurance company, nothing to that effect is pled in the underlying complaint; again, the only alleged injury was the damage to Plaintiff's home arising from Defendant's negligence, the full extent of which was known to Plaintiff as soon as it happened.  To the extent Defendant's insurance company made fraudulent or misleading representations to Allstate, then perhaps

Allstate has its own claim against that insurance company; but the fraudulent concealment doctrine has no applicability to this negligence claim brought this Plaintiff against this Defendant.

The "acknowledgment doctrine" is also inapposite to the facts pled in Plaintiff's complaint.  The acknowledgment doctrine allows for the tolling of a statute of limitations in situations involving "[a] clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay."  *K.A.R. v. T.G.L.*, 107 A.3d 770, 781–82 (Pa. Super. Ct. 2014) (internal quotation and citation omitted).  For the acknowledgment doctrine to apply, there must be "no uncertainty either in the acknowledgement or in the identification of the debt," and the acknowledgement of the debt "must be plainly referable to the very debt upon which the action is based."  *Id.*  The alleged acknowledgment must also "be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time."  *Id.*  A court cannot infer a promise from a "desire" or a "simple declaration of an intention to discharge an obligation."  *Id.* at 782.

Here, it is evident on the face of the complaint that the acknowledgement doctrine cannot apply because there is not a single allegation pertaining to a debt nor any promise to pay.  Even if we took the facts averred in the Second Allstate Affidavit as true, there would still be "uncertainty…in the acknowledgement or in

the identification of the debt." *Id.* at 781.  According to the affidavit, Defendant's insurance company merely indicated a willingness to pay an unspecified amount at a future time, when the claim was fully adjusted.  This is not sufficient to establish an acknowledgment of a debt that effectively tolls the statute of limitations.

In all, while Plaintiff is not necessarily required to plead around all potential affirmative defenses in order to state a viable claim, she has nonetheless pled herself out of court here.  Based solely on the allegations in the complaint, Plaintiff was aware of the full extent of her alleged injury in January 2018.  Because she did not bring her claim until July 2020, Plaintiff's negligence claim is unquestionably time-barred as-pled.  *Cf. Schmidt*, 770 F.3d at 253 ("Because Schmidt's allegations do not facially show that his claims . . . are time-barred, their dismissal by the District Court must be reversed.").  To the extent there is any timely claim that could derived from the set of facts contained in the Second Allstate Affidavit, it would have to be a claim brought by Plaintiff's insurance carrier against Defendant's insurance carrier based on the alleged misrepresentations.  Here, though, the lone claim against this Defendant arising from the January 2018 incident is clearly time-barred.

## IV.   CONCLUSION

For the foregoing reasons, we shall grant Defendant's motion to dismiss.  A separate order shall issue in accordance with this ruling.